

SEALED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 06-120 |
| v. | : | |
| BERTRAM ALSTON | : | |
| Defendant. | : | Filed Under Seal |

FILED
MAY 9 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### GOVERNMENT'S MOTION TO SEAL THE CRIMINAL INDICTMENT AND OTHER PLEADINGS, RECORDS, PROCEEDINGS AND FILES, AND TO DELAY ENTRY ON THE PUBLIC DOCKET OF THE FILING OF THIS MOTION TO SEAL AND ALL RELATED MATTERS

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this motion to seal the accompanying criminal indictment, bench warrant, as well as all other pleadings, proceedings, records and files in this case, including the instant motion to seal, and to delay entry on the public docket of this motion to seal and all related matters. In support of this motion, the government states as follows:

The defendant is related to a six (6) defendant case, U.S. v. Darryl Woodfork, et. al., Criminal Number 05-165, currently assigned to the Honorable James Robertson, United States District Judge for the District of Columbia.

The sealing is necessary because the Indictment, bench warrant, and other future pleadings contain sensitive information, and disclosure of which would not be in the interest of the government or the public.

Law enforcement believes the defendant is not aware of the criminal investigation of him and disclosure of the indictment and bench warrant in the public records may hinder law enforcement's efforts in apprehending them, and may also endanger law enforcement personnel. Accordingly, it

is essential that any information concerning this defendant having a pending case in this district be kept sealed for the time being.

Based on the nature of the ongoing criminal investigation, the government submits that public disclosure of the Indictment would likely compromise the criminal investigation by (1) placing the personal safety of the undercover agents, other law enforcement officials and innocent third parties at substantial risk; (2) alerting the defendant of the investigation; and (3) causing the defendant and other possible targets to destroy documents and other evidence. Each of these factors is particularly important in this instance because violent reprisals are common to major criminal violators in general.

It is common practice for individuals associated with criminal organizations to check the public record in the Criminal Clerk's office to ascertain whether the government has filed any pleadings under seal in cases against former associates. Consequently, public notice of the filing of the sealed pleadings or proceedings, itself, is likely to compromise any ongoing criminal and grand jury investigation that would stem from this case, and present a substantial risk to the personal safety of undercover agents and other law enforcement officials taking part in the covert investigation, and, in some cases, innocent bystanders.

Accordingly, the government submits that these facts present an extraordinary situation and a compelling governmental interest which justify not only the sealing of the criminal Indictment and all other pleadings, records, proceedings, and files in this case, but also a delay in the public docketing of the filing of these sealed pleadings and the accompanying order until (1) the substantial risk to the personal safety of cooperating individuals; and (2) the government represents that it can continue its criminal investigation without substantial risk that it would be jeopardized due to the public docketing of the fact that sealed pleadings have been filed in this case. See Washington Post

v. Robinson, 935 F.2d 282, 289 (D.C. Cir. 1991).

    WHEREFORE, it is respectfully requested that this motion be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
D.C. Bar # 451058
United States Attorney

*Rachel C. Lieber*

RACHEL CARLSON LIEBER
ASSISTANT UNITED STATES ATTORNEY
Organized Crime and Narcotics Trafficking Section
D.C. Bar No. 456-491
555 4th Street, N.W., Room 4820
Washington, D.C. 20503
(202) 353-8055