

**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

August 30, 2006

Matthew F. Davies, Esq.
Roberts & Wood
6801 Kenilworth Avenue
Berkshire Building, Suite 202
Riverdale, Maryland 20737

        Re:    <u>United States v. Betram M. Alston</u>
                 Docket No. 06-120 (JR)

Dear Mr. Davies,

      This letter confirms the agreement between your client, Bertram M. Alston, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. The terms of the offer are as follows:

                <u>Bertram M. Alston's Obligations, Acknowledgments and Waivers</u>

      1(a).    Your client, Bertram M. Alston, agrees to admit guilt and enter a plea of guilty to Counts Four and Five of a superseding criminal Information which will be filed by the government with the Court contemporaneously with this plea agreement. Counts Four and Five charge your client with the following crimes:

      <u>Carrying a Pistol Without a License.</u>  Your client agrees to admit his guilt and to enter a plea of guilty to carrying a pistol without a license, in violation of 22 D.C. Code § 4504(a). Your client understands that because he previously was convicted of a felony, this crime, pursuant to 22 D.C. Code § 4504(a)(2), carries a maximum penalty of ten years in prison and a maximum fine of $10,000.00, and a term of supervised release -- after the prison term -- of at least three (3) years.

      <u>Destruction of Property.</u>  Your client agrees to admit his guilt and to enter a plea of guilty to felonious destruction of property, in violation of 22 D.C. Code § 303. Your client understands that this crime carries a maximum penalty of ten years in prison, a maximum fine of not more than $5,000.00, and a term of supervised release -- after the prison term -- of at least three (3) years.

1(b).    In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing.

1(c).    Your client agrees to execute the attached written proffer of evidence concerning the facts and circumstances supporting your client's pleas of guilty.

2.    Your client agrees to waive your client's interest in and not to contest the administrative forfeiture of the Desert Eagle .50 caliber semi-automatic pistol (Serial No. MR008266) belonging to your client and recovered by the police during the execution of a search warrant at 1709 Otis Street, N.E., on January 21, 2004.  In so doing, your client further agrees that the Desert Eagle .50 caliber pistol was property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of illegal drug trafficking and/or property used or intended to be used to commit or to facilitate illegal drug trafficking.

3.    Your client agrees to pay full restitution to Star Power Internet Supply Company ("Star Power") for the damage he caused when, on December 31, 2003, in the 2000 block of Newton Street, N.E., with his Desert Eagle .50 caliber semi-automatic pistol (Serial No. MR008266), he shot at and struck a power box owned by Star Power.  The bullets fired by your client caused an estimated $2800.00 in damage.

4.    Your client acknowledges that while the government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.  The Court's decision in that regard is not grounds for withdrawal from this agreement.

5.    In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offenses to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge will make any Sentencing Guidelines determinations.

6.    Your client understands that the Court may utilize the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines in imposing the sentence in this case. The government and your client agree that neither party will seek an upward or downward departure outside of your client's applicable guideline range.

7.    Your client agrees that this letter is binding on the government, but not binding on the Court, and that your client cannot withdraw this plea at a later date because of the harshness of any sentence imposed by the Court.

8.      Your client understands that this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. The government understands that your client is not bound by the government's allocution, and may request a lesser sentence, subject to the terms set forth in paragraph 6, above.

9.      Your client understands and agrees that your client will not be allowed to move to withdraw the guilty plea entered under this agreement solely because of the harshness of the sentence imposed. Such a motion to withdraw shall constitute a breach of this agreement.

10.     Your client and you have discussed Federal Rule of Criminal Procedure 11(e)(6) and Superior Court Rule of Criminal Procedure 11(e)(6), which ordinarily restrict the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty plea is later withdrawn. Your client knowingly and voluntarily waives or gives up the rights which arise under these rules. As a result of this waiver, your client understands that if the guilty plea is subsequently withdrawn, any statements which your client has made pursuant to this agreement would be admissible against your client for any purpose in any criminal or civil proceeding.

### The Government's Obligations, Acknowledgments and Waivers

11.     The government will file the above-mentioned criminal Information with the United States District Court for the District of Columbia for the purpose of your client's plea of guilty to the charges contained in Counts Four and Five therein. The government will dismiss Counts One through Three at the time of sentencing. Your client, however, agrees and acknowledges that the charges to be dismissed at the time of sentencing were based in fact.

### General Conditions

12.     This letter sets forth the entire understanding between the parties and constitutes the complete plea agreement between your client and the United States Attorney's Office for the District of Columbia. This agreement supersedes all prior understandings, promises, agreements, or conditions, if any, between this Office and your client.

13.     This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States Government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service of the United States Department of the Treasury; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offenses committed within their respective jurisdictions.

14.     There are no other agreements, promises, understandings or undertakings between your client and this Office . Your client understands and acknowledges that there can be no valid

addition or alteration to this agreement unless the modification is made on the record in open Court or made in a writing signed by all of the parties.

        Sincerely,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY


By:  _____
      MICHAEL D. BRITTIN
      RACHEL CARLSON LIEBER
      Assistant United States Attorneys
      (202) 307-0106 (MDB)
      (202) 353-8055 (RCL)

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Matthew F. Davies, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date:_____                    _____
                                          Bertram M. Alston

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _____                   _____
                                          Matthew F. Davies, Esq.