UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA  : | Docket No: 06-120-01 (JR) |
| : | |
| v.                              : | |
| : | |
| BERTRAM M. ALSTON,              : | |
|    also known as               : | |
|    "Black" and "Black Bert"     : | |

GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by its counsel, the United States Attorney for the District of Columbia, respectfully submits this memorandum in aid of sentencing. For the reasons set forth in this memorandum, the government recommends that the Court impose a sentence of twenty-four months, that it suspend execution of that sentence, and that it place the defendant Bertram Alston on probation for a period of five years conditioned upon restitution in the amount of $2,800.00, forty hours of community service, continued full-time employment, drug and alcohol screening, and no further violations of federal, state, or local criminal laws.

I. Procedural Background

On May 9, 2006, a one count indictment was returned against Alston charging him with unlawful possession of a firearm (Desert Eagle .50 caliber pistol (Serial No. MR008266)) by a convicted felon, in violation of 18 U.S.C. §922(g)(1). Alston was arrested on May 16, 2003. He had his initial appearance before the Court on May 17, 2006, and was conditionally released. On September 1, 2006, a five-count Superseding Information was filed charging Alston in Count One with unlawful possession of a firearm by a person convicted of a crime punishable by a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1)), in Count Two with possession of a firearm in a school zone (John Burroughs Elementary School and the Taft Special Educational

Center), in violation of 18 U.S.C. § 922(q)(2)(A)), in Count Three with discharging a firearm in a school zone, in violation of 18 U.S.C. §§ 922(q)(3)(A) and 924(a)(4)), in Count Four with carrying a pistol without a license, in violation of 22 D.C. Code § 4504(a) (2001 ed.)), and in Count Five with felony destruction of property, in violation of 22 D.C. Code § 303 (2001 ed.)).  On September 7, 2006, Alston entered a guilty plea to Counts Four and Five of the Superseding Information, both of which are D.C. Code offenses.  Sentencing in this case, accordingly, is governed by the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines.

## II. Factual Background

On New Year's Eve, December 31, 2003, Bertram M. Alston, also known as "Black" or "Black Bert," joined several other fellow members of a criminal enterprise known as the Taft Terrace Crew in a roving neighborhood celebration.  In keeping with a tradition that had been established by members of the Taft Terrace Crew, many participants in this celebration drank or smoked marijuana and carried guns that were fired in the air to help ring in the new year.  That night Alston, who was not licensed to carry a pistol in the District of Columbia, had with him his Desert Eagle .50 caliber semi-automatic pistol (Serial No. MR008266).  In the course of the evening, while standing on Newton Street, he used the pistol to shoot at a power box mounted on a telephone pole in front of the home at 2027 Newton Street, N.E.  Bullets fired by Alston from his Desert Eagle .50 caliber semi-automatic pistol (Serial No. MR008266) struck the power box, owned by Star Power Internet Supply Company, and caused approximately $2800.00 in damage.  Several members of the of the Taft Terrace Crew were present at one time or another when Alston had his Desert Eagle .50 caliber semi-automatic pistol on December 31, 2003, including – among others – Darryl M. Woodfork, also known as "D," Vernon McKenzie, Damon McKenzie, Andre Williams, also known as "Blind Dre,"

and David Ward.

On January 12, 2004, acting on a tip provided by a confidential informant, Metropolitan Police Department Officers Joseph Abdalla and Robert Schmidt went to the 2000 block of Newton Street, N.E., saw apparent bullet holes in the power box mounted on the telephone pole, and recovered two .50 caliber shell casings.  On Friday, January 21, 2004, at about 7:50 a.m., a search warrant was executed at 1709 Otis Street, N.E., the home in the Taft Terrace neighborhood where Alston then resided with his father.  In the course of the search, from the basement where Alston stayed, often with his girlfriend (now wife) Desiree Crumlin, police recovered his .50 caliber Desert Eagle pistol (Serial No. MR008266), together with personal papers and mail matter in Alston's name.  Alston was not present when the search warrant was executed.

On Tuesday, December 21, 2004, Officer Tira Gibson, an Evidence Technician with the Metropolitan Police Department, responded to the 2000 block of Newton Street, N.E., and took photographs of the damaged power box.  Working in conjunction with Investigator Clarence Brooks and Frank Huber of Star Power Internet Supply Company, Gibson recovered two silver metal fragments and two batteries from inside the power box that appeared to have been damaged by gunfire.  On December 28, 2004, one of the batteries was opened by Officer Grant Greenwalt, another Evidence Technician, and a bullet was recovered.

The relevant firearms evidence – consisting of the two shell casings recovered by Investigators Abdalla and Schmidt in the 2000 block of Newton Street, N.E., on January 12, 2004, the Desert Eagle .50 caliber pistol (Serial No. MR008266) recovered during the search of Alston's room on January 21, 2004, and the bullet fragments recovered from the Star Power box and battery in December of 2004 – was examined by Luciano Morales, a Firearms and Toolmark Examiner with

the Metropolitan Police Department. Morales found that the Desert Eagle .50 caliber pistol operated normally. He found that the two cartridge cases found by Investigators Abdalla and Schmidt in the 2000 block of Newton Street, N.E., on January 12, 2004, were .50 caliber cartridge cases that were fired in the Desert Eagle .50 caliber pistol recovered during the search of Alston's room on January 21, 2004. He found that the copper bullet jacket fragments removed from the battery in the power box were too mutilated to allow for further identification.

Several other members of the Taft Terrace Crew, a criminal enterprise with which Alston was closely associated, knew Alston to possess a .50 caliber Desert Eagle pistol (Serial No. MR008266). Among those who were present at various times when Alston had the pistol in his possession were Darryl M. Woodfork, also known as "D," Anthony J. Nelson, also known as "Tiki," Vaughn Stebbins, John Richardson, also known as "Mark," Dwight Cave, Andre Williams, also known as "Blind Dre," Sean A. Wolfe, also known as "J.J." or "Six," Andre J. Gore, also known as "Man-Man" or "Lemonhead," Vincent Collins, also known as "J.V." or "Junky Vincent," Vernon McKenzie, Damon McKenzie, Ruben Tucker, also known as "Buck Cheese," Simmeon Williams, also known as "Sim," and David Ward.

### III. Plea Agreement Terms

Alston signed a plea agreement on September 1, 2006. By its terms, Alston promised to enter a guilty plea to the two felonies charged in Counts Four and Five of the Superseding Information. Count Four charged Alston with carrying a pistol without a license, in violation of 22 D.C. Code § 4504(a) (2001 ed.)), and Count Five charged him with destruction of property, in violation of 22 D.C. Code § 303 (2001 ed.)). Alston also agreed to the administrative forfeiture of his pistol, and to make restitution in the amount of $2,800.00 to Star Power Internet Supply

Company, which owned the power box that Alston damaged by gunfire on the night of December 31, 2003. The plea agreement did not contemplate Alston's cooperation with the government, or any credit for such cooperation. By its terms, the agreement simply called for Alston to enter a guilty plea and to make restitution. The parties agreed that neither would seek an upward or downward departure outside of the applicable guideline range under the District of Columbia Sentencing Commission's Voluntary Sentencing Guidelines, but otherwise each reserved its right of full allocution at sentencing. Alston entered his guilty plea on September 7, 2006. He made full restitution, as required by his plea agreement, by a certified check dated October 25, 2006.

### IV. Sentencing Options

The statutory maximum term of imprisonment for each of the offenses to which Alston entered a guilty plea is ten years. As detailed in the Presentence Investigation Report, under the Voluntary Sentencing Guidelines which now govern the imposition of sentence for local offenses, Alston, in light of his criminal history and the offenses that were the subject of his guilty plea, faces a Guideline range of ten to twenty-eight months. The Guidelines provide the Court with a range of sentencing options. It may impose a straight sentence of incarceration, a "short split" sentence whereby it may impose a sentence within the Guideline range but suspend all but six months or less of that term followed by a term of probation, or it may impose a straight term of probation. See Presentence Investigation Report at 14, ¶¶ 63-67.

### V. Sentencing Recommendation

Soon after he was arrested on the indictment returned in this case, and discovery was provided, Alston – through his counsel – agreed to meet with law enforcement officers involved in the Taft Terrace investigation. In the debriefing which ensued, Alston admitted at once that he was

responsible for all of the conduct charged in the original indictment returned on May 9, 2006, and in the Superseding Information filed on September 1, 2006. More particularly, he admitted that as a felon he possessed the Desert Eagle .50 caliber pistol (Serial No. MR008266) recovered during the search of his room on January 21, 2004, and also admitted using that firearm some three weeks earlier, on December 31, 2003, to shoot and damage the power box mounted on a telephone pole in the 2000 block of Newton Street, N.E., a location within 1000 feet of John Burroughs Elementary School and the Taft Special Educational Center.

Alston also admitted to other uncharged criminal conduct from years past. This criminal conduct, beyond drug trafficking, included vandalizing a police car and, on one occasion, shooting at – but missing – someone. All of the criminal conduct that Alston spoke about could be attributed in one way or another to his association with members of the Taft Terrace Crew, a criminal enterprise which dominated life in the Taft Terrace neighborhood and in parts of nearby Mount Rainier, Maryland, and which made life both difficult and dangerous for otherwise law abiding residents. The Taft Terrace Crew was primarily a narcotics trafficking organization, and Alston openly admitted involvement in that illicit activity. He also acknowledged that the enterprise included some individuals – associates of his – who were prone to violence, and whose violent acts over the years exacted a terrible toll.

Alston expressed genuine remorse for his criminal conduct as charged in this case, for other past criminal conduct, and for his association with the Taft Terrace Crew. He impressed all who were in attendance with his compelling candor. Alston also spoke with law enforcement officers and with government counsel about his background. Government counsel learned that Alston's only sibling, an older brother named Bernard Alston, Jr., was murdered in 1989, when Alston was

fourteen years old. Government counsel learned that Alston graduated from Bowie State University with a degree in sociology in 2001. Alston has held a number of jobs since then, but has been employed full time by WMATA (Washington Metropolitan Area Transit Authority) as an elevator and escalator technician since 2002. Alston was married in 2005, and took custody of a thirteen year old foster child in May of 2006. He has a stable family life and a supportive father, an impressive gentleman with whom government counsel also met.

In sum, the meetings with Alston provided government counsel and the law enforcement officers and agents involved in the Taft Terrace investigation with an opportunity to assess his character and to ponder the appropriate disposition of the small indictment returned against him. Government counsel concluded that Alston does not now represent a danger to society or pose a significant risk of repetitive or future criminal behavior. Once closely associated with the Taft Terrace Crew, Alston somehow managed to move beyond the regular criminal conduct in which that enterprise was engaged. Influenced at least in part by the many arrests and prosecutions the Taft Terrace investigation produced, Alston deliberately distanced himself from the enterprise, and began instead to focus on holding a steady job and building a family. In doing so, Alston gained perspective on his past conduct, and came to regard it with sincere remorse and regret. Alston asked for nothing in his meetings with government counsel. He stated that the charges against him were well founded, that he was guilty, that he wanted to admit his guilt, and that he deserved and was prepared for whatever punishment came his way.

The meetings with Alston helped shape the plea disposition that was reached in this case. Alston expressed a willingness to cooperate with the government, but given that he was no longer involved in criminal activities, and the bulk of the work in the Taft Terrace prosecutions had been

done and the Taft Terrace Crew dismantled, government counsel concluded it was unlikely that Alston could earn a sentencing departure under the federal Sentencing Guidelines. This conclusion prompted government counsel to consider other options. Alston's guilty plea to two local offenses provides the Court with sentencing options not available under the federal Sentencing Guidelines. In the government's view, such a range of options are appropriately considered for Alston, and providing such options to the Court was a motivating force in structuring the plea agreement that was the foundation for Alston's guilty plea.

The government's recommendation is that the Court impose a sentence of twenty-four months, that it suspend execution of that sentence, and that it place the Alston on probation for a period of five years conditioned upon restitution in the amount of $2,800.00, forty hours of community service, continued full-time employment, drug and alcohol screening, and no further violations of federal, state, or local criminal laws. This recommendation combines both punitive and rehabilitative measures. Alston's guilty plea was punitive in that it adds two more felony convictions to his resume. It entailed the payment of a significant amount of restitution – $2,800.00 – and the proposed sentence also would involve some community service. The proposed sentence, as well, would provide Alston with considerable incentive to continue on the path he seemingly has set for himself. The imposition of a twenty-four month sentence, the execution of which would be suspended in favor of probation, means that Alston – at the least – would face a two year prison term should he again violate the criminal law. A probationary term of five years also means that Alston will be subject to judicial supervision for an extended period of time, with the attendant penalties should he fail to comply with the conditions set by the Court. On balance, given all of the circumstances we have discussed, such a sentence seems appropriate for Alston.

## VI. Conclusion

For the reasons set forth in this memorandum, the government respectfully recommends that the Court impose a sentence of twenty-four months, that it suspend execution of that sentence, and that it place the defendant Bertram Alston on probation for a period of five years conditioned upon restitution in the amount of $2,800.00, forty hours of community service, continued full-time employment, drug and alcohol screening, and no further violations of federal, state, or local criminal laws.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY


By: _____
MICHAEL D. BRITTIN
RACHEL CARLSON LIEBER
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0106 (MDB)
(202) 353-8055 (RCL)

CERTIFICATE OF SERVICE

I hereby certify that, on the _____ day of November, 2006, a copy of the foregoing Memorandum in Aid of Sentencing was served, via first class mail, upon Matthew F. Davies, Esq., Roberts & Wood, 6801 Kenilworth Avenue, Berkshire Building, Suite 202, Riverdale, Maryland 20737

_____
Michael D. Brittin
Assistant United States Attorney